**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**September 2, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

PHILIP A. BRALICH,

    Plaintiff - Appellant,

v.

MICHAEL GAYNER; SHAMBHALA
MOUNTAIN CENTER; MEMBERS OF
THE SHAMBHALA BOARD;
MEMBERS OF THE SHAMBHALA
INT'L CARE AND CONDUCT
COMMITTEE; SHAMBHALA
MOUNTAIN CENTER CARE AND
CONDUCT OFFICERS; CHARLES G.
LIEF; JOY VALANIA; BETSY RAILLA;
DAN PETERSON; CHRISTIE
CASHMAN; JUDITH A. SIMMER-
BROWN; TIMOTHY QUIGLEY; ERIC
SPIEGEL; GWIN STEWART; KATHY
STIER; KATHY KINCAID; DEFENSE
LANGUAGE INSTITUTE AND
FOREIGN LANGUAGE CENTER;
KELLY FINEY; BERKELEY
SHAMBHALA CENTER; SAN
FRANCISCO SHAMBHALA CENTER;
BARRY A. SULLIVAN, Esq.; MARTHA
RZASA; SUSAN COATES; THE
GOVERNING COUNCIL OF
SHAMBHALA MOUNTAIN CENTER;
BOULDER SHAMBHALA CENTER;
SEATTLE SHAMBHALA CENTER;
MILWAUKEE SHAMBHALA CENTER;
MEMBERS OF THE COUNCIL OF
MAKYI RABJAN,

    Defendants - Appellees.

No. 21-1416
(D.C. No. 1:20-CV-03800-RMR-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **KELLY**, and **HOLMES**, Circuit Judges.

_____

Dr. Philip Bralich, proceeding pro se[1] appeals the dismissal of his claims with

prejudice for failure to file a complaint that complied with Fed. R. Civ. P. 8.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

In December 2020, Dr. Bralich filed a complaint against over 25 defendants.[2]

It alleged various common-law torts and statutory causes of action arising out of

events dating back to 1983, but it failed to include specific allegations against

specific defendants, to separately identify which legal claims Dr. Bralich was

asserting against which defendant, or to otherwise detail how each individual

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Dr. Bralich proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] The precise number of intended defendants is unclear because, in places, Dr. Bralich listed as defendants "Members," or "Officer(s)" of different committees or organizations. *See* R., vol. 1 at 33–34.

defendant harmed him.  Dr. Bralich filed an amended and then a second amended complaint, each of which had the same deficiencies as the first.

Two of the defendants filed a motion to suspend the deadlines to file a responsive pleading, to set a status conference, and to establish a briefing schedule. Over Dr. Bralich's objections, the magistrate judge granted the motion.  Dr. Bralich then filed a motion for leave to file a third amended complaint.[3]  This proposed amended complaint listed at least 45 defendants[4] and invoked dozens of federal and state statutes.  Although the proposed third amended complaint was more verbose than the original and first two amended complaints, it still presented only broad, unspecific allegations directed at a large number of people going back decades.

The magistrate judge issued an amended recommendation that the court deny the motion for leave to amend.  The magistrate judge also  sua sponte recommended dismissal with prejudice of the second amended complaint under Fed. R. Civ. P. 41(b), denial of all pending motions as moot, and entry of judgment for the defendants.  The district court overruled Dr. Bralich's objections, adopted the

---

[3] Dr. Bralich labeled this motion as a motion to file a second amended complaint, but he had already filed amended complaints on December 28, 2020, and January 8, 2021, so the district court was correct to number the complaints as it did.

[4] As with Dr. Bralich's original complaint, the precise number of intended defendants was unclear because of multiple instances in which he listed multiple individuals—such as "John/Jane Doe (1)-(20)" or "Governing Board(s) of Shambhala Mountain Center, Inc."—as a single defendant.  *See* R. vol. 3 at 21 (order granting motion to dismiss); *id.* vol. 1 at 217–18 (proposed third amended complaint).

recommendation in full, dismissed the second amended complaint, and entered judgment for the defendants.  This appeal followed.

## DISCUSSION

"We review dismissals under Rule 41(b) for abuse of discretion."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Likewise, we review for abuse of discretion denials of motions for leave to amend, *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999), and "trial procedure applications (including control of the docket and parties)," *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993) (internal quotation marks omitted).

We review de novo whether a complaint complies with Fed. R. Civ. P. 8. *Gohier*, 186 F.3d at 1218.  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious*, 492 F.3d at 1163.  This basic level of specificity is necessary to "permit[] the defendant[s] sufficient notice to begin preparing [their] defense and the court sufficient clarity to adjudicate the merits."  *Id.*

Dr. Bralich takes issue with the district court's conclusion that his second and proposed third amended complaint did not comply with Rule 8, but we agree with its

4

determination that they failed to include the requisite "short and plain statement of the claim showing that [Dr. Bralich] is entitled to relief." Fed. R. Civ. P. 8(a)(2). We reject Dr. Bralich's suggestion that the court erroneously applied a heightened pleading standard when it reviewed his claims. Neither the second amended complaint nor the proposed third amended complaint adequately explained what he claimed each defendant did to him and what specific legal right each defendant allegedly violated. And we discern no abuse of discretion in the court's denial of his motion for leave to amend in light of his repeated failures to file a complaint that stated a claim for relief. *See Gohier*, 186 F.3d at 1218 ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal . . . for failure to state a claim." (internal citation omitted)).

We note that the magistrate judge expressly weighed the five factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992), in recommending dismissal of the complaint with prejudice, and the district court adopted the magistrate judge's reasoning.[5] Dr. Bralich does not challenge the district court's assessment of those factors.

---

[5] Courts must consider these factors before a dismissal with prejudice under Fed. R. Civ. P. 41(b). *See* 492 F.3d at 1162. The *Ehrenhaus* factors are

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Finally, we reject Dr. Bralich's challenges to the magistrate judge's authority to hold status conferences. The rules of civil procedure plainly authorize status conferences such as those the magistrate judge held in this case. *See* 28 U.S.C. § 636(b)(1)(A) (authorizing a district judge to designate a magistrate judge to hear and determine any pretrial matter except for certain dispositive motions); *see also* Fed. R. Civ. P. 16(a)(2) ("In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as . . . establishing early and continuing control so that the case will not be protracted because of lack of management."); D.C. Colo. L. Civ. R. 72.1(a) ("Except as restricted by these rules, a magistrate judge may exercise all powers and duties authorized by federal statutes, regulations, and the Federal Rules of Civil Procedure."); 72.1(c)(1) ("On reference or order by a district judge, a magistrate judge may . . . conduct pretrial conferences"). And Dr. Bralich offers no cogent basis to conclude the magistrate judge abused his discretion in holding them here, much less an argument for reversal of the dismissal order based on the holding of status conferences.

Dr. Bralich's remaining contentions do not alter our conclusion that the district court appropriately dismissed his claims and entered judgment for the defendants.

---

*Id.* (ellipsis and internal citations and quotation marks omitted).

## CONCLUSION

We affirm the judgment of the district court.  We deny Dr. Bralich's motion

for leave to file supplemental evidence.

Entered for the Court

Jerome A. Holmes
Circuit Judge